**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117989

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| Jana Masri, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| | JURY TRIAL DEMANDED |
| Out Tech, Inc. d/b/a Bureau of Account Management, | |
| Defendant. | |

Jana Masri, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Out Tech, Inc. d/b/a Bureau of Account Management (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5.     Plaintiff Jana  Masri is an individual who is a citizen of the State of New York residing in Orange County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Out Tech, Inc. d/b/a Bureau of Account Management, is a Pennsylvania Corporation with a principal place of business in Cumberland County, Pennsylvania.

9.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 19, 2019. (A true and accurate copy is annexed hereto as **Exhibit 1.**")

21.     The Letter conveyed information regarding the alleged Debt.

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     15 U.S.C. § 1692g protects Plaintiff's concrete interests.  Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendant deprived Plaintiff of this right.

26.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiff of this right.

27.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

28.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

31.     To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must clearly convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

32.     To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor

3

to whom the debt is owed" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

33.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must convey without ambiguity, from the perspective of the least sophisticated consumer, the name of the creditor to whom the debt is owed.

34.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the 15 U.S.C. § 1692g(a)(2) if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty in the eyes of the least sophisticated consumer.

35.    Merely naming an entity without specifically identifying the entity as "the creditor to whom the debt is owed" is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

36.    The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

37.    The Letter states "Re:", followed by the name of an entity.

38.    The Letter states, "Your account has been placed with this office for collection."

39.    The Letter fails to indicate whether the "Re:" refers to the owner of the alleged Debt.

40.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

41.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

42.    The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

43.    The Letter fails to indicate whether the "Re:" refers to the creditor to whom the alleged Debt is owed.

44.    The Letter fails to indicate who referred the account to Defendant.

45.    The Letter fails to indicate who Defendant represents.

46.    The Letter fails to indicate who is Defendant's client.

47.    The Letter fails to indicate the name of any entity to which payment should be made.

48.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the owner of the alleged Debt as required by 15 U.S.C. § 1692g(a)(2).  *Steffek v. Client Servs., Inc.*, No. 19-1491, 2020 WL 288239 (7th Cir. Jan. 21, 2020).

4

49.    As a result of such failures, the least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

50.    As a result of such failures, the least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

51.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

52.    As a result of such failures, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

53.    As a result of such failures, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

54.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**

55.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

59.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

60.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

5

61.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

62.     The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

63.     The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

64.     The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

65.     The identity of the owner of a debt is a material piece of information to a consumer.

66.     Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

67.     Defendant failed to explicitly state the owner of the alleged Debt.

68.     Defendant failed to clearly state the owner of the alleged Debt.

69.     The least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

70.     The least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

71.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.  *Steffek v. Client Servs., Inc.*, No. 19-1491, 2020 WL 288239 (7th Cir. Jan. 21, 2020).

72.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

73.     The least sophisticated consumer would likely be deceived by the Letter.

74.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

75.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

76.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

77.     Plaintiff seeks to certify a class of:

>      i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

78.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

79.     The Class consists of more than thirty-five persons.

80.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

81.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

82.     Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

83.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.  Certifying this action as a class action; and

    b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.  Finding Defendant's actions violate the FDCPA; and

    d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Granting Plaintiff's costs; all together with

    g.  Such other relief that the Court determines is just and proper.

DATED: February 18, 2020

                    **BARSHAY SANDERS, PLLC**

                    By: _/s/ *Craig B. Sanders*
                    Craig B. Sanders, Esquire
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530
                    Tel: (516) 203-7600
                    Fax: (516) 706-5055
                    csanders@barshaysanders.com
                    *Attorneys for Plaintiff*
                    Our File No.: 117989